Whitly v. Steakly.

## WHITLY v. STEAKLY.

1. ATTACHMENT. *Non-resident.* Where a party left the State and went to Texas with the intention of making that his place of residence; or if, after he got there, he determined to make that his residence, and was residing there, although without his family, at the time the attachment was levied on his goods in Tennessee, he will be considered a non-resident.

2. SAME. *Same.* If he had parted with his title before levy of the attachment, he will not be entitled to recover damages against the officer making such levy.

---

FROM VAN BUREN.

---

Appeal from the Circuit Court. P. C. ISBELL, Judge.

C. L. GARDENHIRE for Gracey and Steakly.

CUMMINGS, SAVAGE & SWOFFORD for Whitly.

NICHOLSON, C. J., delivered the opinion of the Court.

Whitly sued Steakly for levying on a lot of goods and selling them, claiming that they are exempt from execution by law. Steakly was Sheriff, and defended on two grounds:

1st. Because at the time of the levy Whitly was a non-resident of the State, and, therefore, not entitled to the benefit of our exemption laws. Proof was

taken on the question whether Whitley was a non-resident or not.

The Court charged the jury, that if they believed from the evidence · that the plaintiff ˙ went to Texas with the intention to make that his residence, or if, after he got to Texas, he determined to make that his residence, and was actually residing there when the attachment was levied, then he would be a non-resident, although he might not have carried his family with him; but if he went on a visit, or had not changed his residence, he would not be a non-resident.

This charge was substantially correct, and the evidence justified the jury in finding that Whitly had gone to Texas and had actually become a non-resident, without any intention of returning to Tennessee.

2d. The other ground for defence was, that before leaving for Texas, Whitly had sold the goods to one DeWitt.

On this question there was proof, and the Court charged the jury, that if plaintiff had parted with his title to DeWitt before the levy of the attachment, then he would not be entitled to a recovery.

· This was clearly correct, and we cannot say that the jury were not warranted in finding against the plaintiff on this question.

We see no error in the record, and affirm the judgment.